## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RALISTA ROYSTER INIDIVUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CLAUDE ROYSTER, IV, AND ON BEHALF OF THEIR MINOR CHILDREN, C.R. AND A.R.** | **CIVIL ACTION NO: 2:24-cv-1627** |
| | **DISTRICT JUDGE: BRANDON S. LONG** |
| **VERSUS** | |
| | **MAGISTRATE JUDGE: KAREN WELLS ROBY** |
| **SANARE ENERGY PARTNERS, LLC, LINEDOUT PRO FISHING, LLC, AND MITCH MOSELY** | |

### SANARE ENERGY PARTNERS, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL

**NOW INTO COURT,** through undersigned counsel, comes Sanare Energy Partners, LLC ("Sanare"), and hereby respectfully submits the following Memorandum in Opposition to the Motion for Voluntary Dismissal without Prejudice ("Motion to Dismiss") filed by Plaintiff, Ralista Royster, individually and as the putative personal representative of her deceased husband, Claude Royster, IV ("Decedent"), and as natural tutrix of their two (2) minor children, C.R. and A.R. (hereinafter "Plaintiff") (Rec. Doc. 14).

As set forth herein, plaintiff's Motion to Dismiss should be denied in its entirety as a dismissal of her claims would result in legal prejudice to Sanare, a waste of judicial resources, and unnecessary procedural confusion for all parties. As plaintiff is aware, the state court lawsuit in which she seeks to re-file her claims has been removed to this Court and is currently pending before Your Honor. (*See* Civil Action No. 24-2214; Rec. Doc. 6). Thus, should plaintiff's request for dismissal be granted and she re-file her claims against Sanare in the 32nd Judicial District Court for Terrebonne Parish, Sanare will simply remove those claims back to this Court pursuant this

Court's federal question jurisdiction under the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. §1349.

Alternatively, in the event the Court is inclined to grant the Motion to Dismiss, Sanare respectfully proposes that the Court exercise its discretion and deny plaintiff's request as to her claims against Sanare and dismiss only those claims against Mitchell Mosely and Linedout Pro Fishing, LLC—the defendants who have not yet made their appearance in this litigation.

## **FACTUAL BACKGROUND**

This matter arises out of an offshore boating accident that occurred on March 12, 2024 in which the LINEDOUT, a recreational fishing vessel owned by Linedout Pro Fishing, LLC ("Linedout"), and operated by Linedout owner, Mitch Mosely ("Mosely"), allided with the Ship Shoal 87 B platform (hereinafter sometimes referred to as "SS87-B" and/or "the platform"). The SS87-B is an unmanned oil and gas platform owned by Sanare and located in the Ship Shoal 72 Field of the Gulf of Mexico, off the coast of Louisiana. The platform is affixed to the Outer Continental Shelf (hereinafter "the OCS"), on lease No. OCS-G-00062.  At the time of the incident, Mosely had two passengers onboard his vessel—Claude Royster, IV and Carlos Rijos ("Rijos"). Royster was ejected from the vessel and killed. Carlos Rijos claims to have sustained injuries to his shoulder, neck, back, and arms as a result of the incident.

Sanare denies all liability for the subject incident and submits that at all times relevant to this litigation the SS87-B was properly marked, illuminated, and permitted with all appropriate government and/or regulatory agencies. Sanare further submits that the subject incident was the result of the fault of Mitch Mosely, Lined Out, and/or the vessel's passengers.

## PROCEDURAL BAKGROUND

Plaintiff filed her Original Complaint for Damages against Sanare, Mosely, and Linedout on February 26, 2024 (hereinafter "the Royster Lawsuit"). (Rec. Doc. 1). On August 26, 2024, Sanare answered the Royster Lawsuit and asserted a Cross-Claim against Mosely and Linedout. (Rec. Doc. 13).

On August 20, 2024, Rijos filed his own lawsuit in the 32nd Judicial District Court for Terrebonne Parish, naming Sanare, Mosely, and Linedout as defendants (hereinafter "the Rijos Lawsuit"). Sanare removed the Rijos's Lawsuit to the United States District Court for the Eastern District of Louisiana on September 9, 2024 (hereinafter "the Rijos Removal"). (Civil Action No. 24-cv-2214; Rec. Doc. 1). The following day, Sanare notified all counsel involved in this matter that the Rijos Lawsuit had been removed to this Court. (*See* Sept. 10, 2024 correspondence providing a copy of the Rijos Removal, attached hereto as Exhibit "A").

Along with the Rijos Removal, Sanare filed a Notice of Related Cases in accordance with the Uniform Local Rules of the United States District Court for the Eastern District of Louisiana, L.R. 3.1, Collateral Proceedings and Refiled Cases, and L.R. 3.1.1, Assignment of Collateral Proceedings and Refiled Cases. (Civil Action No. 24:2214; Rec. Doc. 2). Sanare's Notice of Related Cases notified this Court that the Rijos Removal involved the same subject matter and is based on the same set of operative facts as the previously filed Royster Lawsuit. Thereafter, this Court transferred the Rijos Removal, which was initially assigned to Chief Judge Nannette Jolivette Brown, to Your Honorable and Magistrate Judge Karen Wells Roby. (Civil Action No. 2:24-cv-2214; Rec. Doc. 6).

## LAW AND ARGUMENT

*1. Voluntary Dismissals under Federal Rule of Civil Procedure 41(a)(2)*

Under Federal Rule of Civil Procedure (a)(2), a plaintiff may dismiss their case following a defendant's answer only "upon order of the court and upon such terms and conditions as the court deems proper." *See Elbaor v. Tripath Imaging, Inc.,* 279 F.3d 314, 320 (5th Cir.2002).  The purpose of authorizing the court to place conditions on a voluntary dismissal is to prevent unfair prejudice to the other side in the case. *See In re FEMA Trailer Formaldahyde Prod. Liab. Litig*., 628 F.3d 157, 162 (5th Cir. 2010). "The theory underlying this limitation" is that once a defendant "has become actively engaged in the defense of a suit" by filing an answer or summary judgment motion, he "is entitled to have the case adjudicated" on its merits. *OSCAR RUBEN APAC, Plaintiff, v. FRANK GARCIA, Defendant*., No. EP-24-CV-00268-DCG, 2024 WL 3984039, at *2 (W.D. Tex. Aug. 23, 2024).

Thus, when a court is faced with a Rule 41(a)(2) motion, it should "first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice." *See In re FEMA Trailer Formaldahyde Prod. Liab. Litig*., 628 F.3d 157, 162 (5th Cir. 2010) (*citing Elbaor,* 279 F.3d at 317). If found to be prejudicial, the court may deny the request or the court may impose "curative conditions." *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir.1990) (*citing* 9 C. Wright & A. Miller, Federal Practice and Procedure § 2364, at 165 (1971)).

*2. A dismissal of plaintiff's claims against Sanare would be prejudicial to Sanare and a waste of judicial resources.*

Contrary to Plaintiff's assertions otherwise, a dismissal of her claims against Sanare will not result in a more efficient adjudication of all claims in the same forum.  As noted above, at this time, the only other litigation related to the subject incident is the Rijos Lawsuit—which is now

pending in this Court. Regardless of whether plaintiff re-files her claims against Sanare in the 32nd JDC or any other state court, her claims would still be subject to removal under OCSLA. Plaintiff acknowledges that Sanare would file an OCSLA removal as it did in the Rijos Lawsuit and agrees that her removed lawsuit would be related to the instant action. (*See* Rec. Doc. 14-2 at FN 1). Thus, if dismissed, Plaintiff's claims against Sanare will end up exactly where they started—this Court. In the interim, Sanare will incur the legal fees and expenses associated with defending against and removing plaintiff's state court lawsuit. Additionally, discovery in this matter will be interrupted. Sanare propounded discovery to Plaintiff on September 6, 2024.  (*See* Interrogatories and Request for Production of Documents to Ralista Royster, attached hereto as Exhibit "B"). Her responses are currently due on October 7, 2024.

3. *Alternatively, Plaintiff should be permitted to dismiss only her claims against Mosely and Linedout.*

Only in the event the Court is inclined to grant plaintiff's Motion to Dismiss, Sanare respectfully requests that it do so only as to her claims against Mosely and Linedout, as neither defendant has made an appearance in this litigation. Plaintiff's claims against Sanare and Sanare's Cross-Claim against Mosely and Linedout are properly before, and should remain in, this Court.

Sanare notes, however, that this option will undoubtedly result in procedural confusion as plaintiff would then be attempting to pursue her claims against Mosely and Linedout in state court while litigating her claims against Sanare in this court, all while the cross-claims between Sanare, Mosely, and Linedout remain in this court.[1]  Additional counter and/or cross-claims between the parties are a further possibility. Finally, the parties are aware of an additional claimant who has not yet filed suit but who is also expected to seek recovery from Sanare, Mosely, and Linedout.

---

[1] Sanare submits that OCSLA jurisdiction may also exist as to the claims against Mosely and Linedout. Thus, any state court claims filed against those defendants will likely also be removed to federal court pursuant to OCSLA.

Sanare acknowledges that plaintiff may be entitled to a dismissal of her claims against Mosely and Linedout under Fed. R. Civ. P. 41(a)(2) because this case is still in its early stages and because those defendants have not yet answered. However, the fact that plaintiff intends to re-file her claims in state court raises procedural and practical concerns associated with different courts simultaneously adjudicating claims arising out of the same accident. Allowing plaintiff to re-file her claims against Mosely and Linedout in state court will inevitably result in conflicting judgments on the issues of liability, causation, and damages. Sanare and the other defendants could very well find themselves in a position where they have been found free from fault in one forum while assessed some percentage of fault in another. Similarly, plaintiff may be found entitled to different amounts of recovery in each court. Each of the defendants would also have viable claims against each other for contribution under the general maritime law, with Sanare's claims being asserted in this Court.

## **CONCLUSION**

Sanare is entitled to remove claims asserted against it as a result of the subject incident to a federal forum pursuant to OCSLA and intends to exercise its right to do so. Thus, if dismissed and refiled in state court, Plaintiff's claims against Sanare will simply return to this Court. Sanare therefore respectfully requests that the Court deny plaintiff's Motion to Dismiss or, alternatively, grant the Motion to Dismiss only as to plaintiff's claims against Mosely and Linedout.

Respectfully submitted,

 */s/ Constance C. Waguespack*
Robert R. Johnston, T.A. (#22442)
Constance C. Waguespack (#36416)
Courtney E. Crowell (#38708)
Andrew J. Wondolowski ($40998)
**PUSATERI, JOHNSTON, GUILLOT &
GREENBAUM, LLC**

6

1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Robert.Johnston@pjgglaw.com
Constance.Waguespack@pjgglaw.com
Courtney.Crowell@pjgglaw.com
Andrew.Wondolowski@pjgglaw.com
**ATTORNEYS FOR SANARE ENERGY
PARTNERS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above pleading has been served upon all counsel of record, either by hand delivery, facsimile transmission, electronic transmission (e-mail), or by placing same in the United States mail, properly addressed and postage prepaid, on this 24th day of September 2024.

_/s/  **Constance C. Waguespack**_____