

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RALISTA ROYSTER INIDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CLAUDE ROYSTER, IV, AND ON BEHALF OF THEIR MINOR CHILDREN, C.R. AND A.R.**<br><br>**VERSUS**<br><br>**SANARE ENERGY PARTNERS, LLC, LINEDOUT PRO FISHING, LLC, AND MITCH MOSELY** | **CIVIL ACTION NO: 2:24-cv-1627**<br><br>**DISTRICT JUDGE:**<br>**BRANDON S. LONG**<br><br>**MAGISTRATE JUDGE:**<br>**KAREN WELLS ROBY** |

## FIRST SET OF INTERROGATORIES TO RALISTA ROYSTER

These Interrogatories are propounded by Defendant, Sanare Energy Partners, LLC ("Sanare"), to be answered by the plaintiff, Ralista Royster, individually and as personal representative of the estate of Claude Royster, IV and on behalf of their minor children, C.R. and A.R., within the time limits allowed by the Federal Rules of Civil Procedure, such Interrogatories are to be deemed continuing pursuant to the fullest extent allowed by the Federal Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

A.    The term "PERSON" shall refer to any natural person, firm, partnership, corporation, association, group, organization or other type of entity or arrangement.

B.    The terms "YOU" or "YOUR" shall refer to the plaintiff, Ralista Royster, her agents, attorneys, investigators, insurers and/or others acting at her request or on her behalf.

    C.    The terms "IDENTITY" or "IDENTIFY" or "IDENTIFICATION":

        1.    When used in reference to an individual, shall mean to state the person's full name, present or last known residential address, present or last known occupation and title, the person's present or last known employer and the person's present or last known business address and telephone number;

        2.    When used in reference to a corporation or business entity, shall mean to state its full name, state and date of incorporation or formation, its principal place of business and its present or last known address; and

        3.    When used in reference to a document shall mean to state the type of document, its date, author or person who prepared it, addressee, title, present location, name and address of its custodian and the nature, substance and subject matter of the document with sufficient particularity to enable it to be readily identified and state whether the document will be made available to defendants for inspection and copying.

    D.    The term "DECEDENT" shall refer to Richard "Claude" Royster, IV.

    E.    The term "DESCRIBE":

        1.    When used in reference to any act, occurrence, occasion, meeting, transaction, or conduct, shall mean to set forth the date, events constituting such act, occurrence, occasion, meeting, transaction, or conduct, its location, date persons participating, present or involved, and document relating or referring in any way thereto.

    F.    The term "DOCUMENTS" shall mean and include any and all written, recorded or graphic matter, however, produced or reproduced, including but not limited to correspondence, email correspondence, telegrams, telexes, reports, writings, drawings, contracts, agreements, notes, memoranda, tape recordings, voice mail and telephone recordings, photographs, digital photographs, cell phone photographs, and internet and social media postings, messages, comments, status updates, and tweets.

G. Each interrogatory shall be deemed continuing. If after serving a response to any interrogatory, plaintiffs obtain or discover any additional information pertaining to such interrogatory, plaintiffs are required to serve on defendant an amended answer to such interrogatory.

**INTERROGATORY NO. 1:**

Please state your full name, current address, addresses for the 5 (five) years before the incident that forms the basis of this litigation, present telephone number(s), cellular phone service providers, social security number, date of birth, driver's license number, present marital status, and your relationship to the decedent.

**INTERROGATORY NO. 2:**

Please state the decedent's full name, date of birth, social security number, educational background, whether the decedent ever served in any branch of the United States military, decedent's residential address(es) for the 5 (five) years prior to March 12, 2024, the decedent's telephone numbers and cellular phone service provider(s) on the date of the incident.

**INTERROGATORY NO. 3:**

Please provide the date you married the decedent, the location where the marriage occurred, and if divorced, the date and location such divorce occurred.

**INTERROGATORY NO. 4:**

Please state whether the decedent died testate or intestate. If the decedent died testate, please state the date that the will and each codicil or amendment was executed, whether the will has been filed for probate, and, if so, please state the date, name of court, file number, and title of action, the name and address of each beneficiary, the relationship to decedent of each beneficiary in the will, the request for devise made to each, and the name and address of the executor of the decedent's estate. If the decedent died intestate, state whether Letters of Administration of the decedent's estate have been

applied for or been filed, and, if so, the date, name of court, title of proceeding, file number and name and address of each duly qualified and appointed administrator of the estate.

**INTERROGATORY NO. 5:**

Has there been a proceeding to determine the heirs of the decedent's estate? If so, please provide the date, name of court, title of proceeding, file number, the date the order adjudicating heirship was rendered, the name, address, relationship to decedent, and extent of the right to inherit from decedent of each heir as determined by that proceeding.

**INTERROGATORY NO. 6:**

Please state the name, address, age, and social security number of each surviving child of the decedent and state whether the decedent claimed those children as dependents for income tax purposes.

**INTERROGATORY NO. 7:**

Please state in detailed narrative form the information you or any of your representatives have or are aware of relating to the alleged incident, including but not limited to the exact date and time of the alleged incident; how the alleged incident occurred; the exact location where the alleged incident occurred; the facts leading up to the alleged incident; the decedent's whereabouts and activities for the 72 (seventy-two) hours prior to the alleged incident, setting forth all such information whether or not it is conflicting and whether or not this information serves to support your allegations against the defendant, and identifying the source(s) of any such information if such information is not based upon your personal knowledge.

**INTERROGATORY NO. 8:**

Please state in detail any known physical conditions from which the decedent suffered at the time of the alleged incident (e.g. use of corrective lenses, use of illicit drugs or alcohol, motor control

impairments, or other related disabilities); as well as any treatment the decedent underwent for any such physical conditions during the 5 (five) years prior to his death.

**INTERROGATORY NO. 9:**

Please identify fully each and every medication, whether prescription or over-the-counter, taken by the decedent for the one month preceding the alleged incident, and state the dose of the medication and identify the pharmacy that filled the prescription.

**INTERROGATORY NO. 10:**

Please state in detail each and every act of negligence on the part of Sanare, upon which you base your claim for damages, and with respect to each act, please state:

- a) The name and address or, if the identity of the person is unknown, the description of the person or persons whom plaintiff contends committed each act of negligence;

- b) The name and address of each person having or believed to have knowledge of such act of negligence;

- c) The identity and location of each document on which you may rely with respect to the proof of each act of negligence; and

- d) The manner in which each of negligence contributed to the accident or incident sued upon, and how each fact served to establish a breach of a specific duty owed to plaintiff and/or decedent.

**INTERROGATORY NO. 11:**

Please state the full name, current or last known address, and telephone number of each and every person who claims to have or is reported to have any knowledge concerning the facts surrounding this litigation, whether or not you intend to call such person as a witness at trial, and with respect to each person, please state in detail the knowledge that each is known or believed to have and the sources of such information.

**INTERROGATORY NO. 12:**

Please state whether you, your attorneys, representatives, or anyone acting on your behalf, have obtained statements in any form regarding any of the events or happenings giving rise to your claim and if so, please state:

a) The names, addresses, and telephone numbers of the persons from whom any statements were taken;

b) The dates and places such statements were taken and the names of all persons present when the statements were taken;

c) The names and addresses of the persons and employers of such person who took such statements;

d) The names and addresses of the persons having custody of such statements; and

e) Whether such statements were written, recorded, taken by a court reporter, stenographer, or otherwise.

**INTERROGATORY NO. 13:**

Please give an itemized list and description of all losses, expenses, monetary expenses incurred and/or damages you have incurred as a result of the alleged incident and for which you seek to recover in this litigation, including, but not limited to, medical care, benefits, loss of services, loss of earnings and/or support, and loss of future earnings and/or support.

**INTERROGATORY NO. 14:**

Please set forth the decedent's employment record for the past ten (10) years, including his employment at the time of the alleged incident, and for each employment, please state the name and address of the decedent's employer and the period(s) of such employment.

**INTERROGATORY NO. 15:**

Please state the names, address, and telephone numbers of any and all experts (including physicians and/or other healthcare providers) you have consulted or whom you may call at trial of this matter and with respect to each witness, please state:

- a) Subject matter in which such expert is expected to testify;
- b) The substance of the facts and opinions to which each expert is expected to testify;
- c) A summary of the grounds of each opinion; and
- d) The identity or description of each book, learned treatise, or other publication on which expert may rely in support of his or her position.

**INTERROGATORY NO. 16:**

Please identify every communication you had with decedent from March 10, 2024 through March 12, 2024. This Interrogatory includes any time that you spoke with and/or exchanged any e-mails, text messages, or other correspondence with decedent. Please state the date, time, substance and location of each communication.

**INTERROGATORY NO. 17:**

Please state whether the decedent has ever been involved in any administrative and/or legal actions related to maritime incidents, including, but not limited to, vessel allisions/collisions, and whether he has ever received citations by the United States Coast Guard and/or the Department of Wildlife and Fisheries. If so, please provide the date of the incident, the responding authority, a summary of the facts of the incident, and the court and/or agency in which the action was filed.

**INTERROGATORY NO. 18:**

Identify the decedent's employer at the time of death, including the name, address, and nature of their employment. Provide details about the decedent's salary, benefits, and any other sources of income.

**INTERROGATORY NO. 19:**

Describe in detail how you have calculated the economic losses you claim under the Death on the High Seas Act, including any methods or formulas used to determine those losses.

**INTERROGATORY NO. 20:**

Provide a detailed account of the financial support and contributions the decedent provided to you and any other dependents prior to his death. In responding, please include monthly or annual amounts and the nature of these contributions (e.g., salary, gifts, financial assistance).

**INTERROGATORY NO. 21:**

Please state whether you are seeking any future economic losses resulting from the decedent's death, including loss of expected future earnings, benefits, or support.

**INTERROGATORY NO. 22:**

Please itemize the non-economic contributions of the decedent to the household, if any, including domestic work, caregiving, or other non-financial support. In your response, please state how these contributions have been impacted by the decedent's death.

**INTERROGATORY NO. 23:**

Please state whether you are seeking damages beyond pecuniary losses, such as for funeral expenses or other specific costs incurred as a result of the decedent's death? If so, please provide an itemization of the damages sought.

_____        _____

Ralista Royster                                                    Date

Respectfully submitted,

*/s/ Constance C. Waguespack*
Robert R. Johnston, T.A. (#22442)
Constance C. Waguespack (#36416)
Courtney E. Crowell (#38708)
Andrew J. Wondolowski ($40998)
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Robert.Johnston@pjgglaw.com
Constance.Waguespack@pjgglaw.com
Courtney.Crowell@pjgglaw.com
Andrew.Wondolowski@pjgglaw.com
**COUNSEL FOR SANARE ENERGY PARTNERS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above pleading has been served upon all counsel of record, either by hand delivery, facsimile transmission, electronic transmission (e-mail), or by placing same in the United States mail, properly addressed and postage prepaid, on this 6th day of September, 2024.

*/s/ Constance C. Waguespack*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RALISTA ROYSTER INIDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CLAUDE ROYSTER, IV, AND ON BEHALF OF THEIR MINOR CHILDREN, C.R. AND A.R.** | **CIVIL ACTION NO: 2:24-cv-1627**<br><br>**DISTRICT JUDGE:**<br>**BRANDON S. LONG** |
| **VERSUS**<br><br>**SANARE ENERGY PARTNERS, LLC, LINEDOUT PRO FISHING, LLC, AND MITCH MOSELY** | **MAGISTRATE JUDGE:**<br>**KAREN WELLS ROBY** |

**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**
**TO RALISTA ROYSTER**

Defendant, Sanare Energy Partners, LLC ("Sanare") request that the plaintiff, Ralista Royster, individually and as personal representative of the estate of Claude Royster, IV and on behalf of their minor children, C.R. and A.R., produce the following documents for inspection and copying at the offices of Pusateri, Johnston, Guillot & Greenbaum, 1100 Poydras Street, Suite 2250, New Orleans, Louisiana 70163 within the time limits allowed by the Federal Rules of Civil Procedure. These requests are deemed continuing pursuant to the fullest extent allowed by the Federal Rules of Civil Procedure.

I.

INSTRUCTIONS

1.   Each of these requests is deemed to be a continuing one. In the event that at any later date the party to whom these requests are propounded obtains or discovers any additional information which would either add to or amend his responses to these requests, defendant hereby requests that said party supplement its responses hereto promptly.

2. The party to whom these requests are propounded shall produce the requested documents for inspection, copying, or photographing as they are kept in the usual course of business, or shall organize and label them to correspond with the categories outlined in these requests.

3. The responses herein shall state, with respect to each requested item or document's category, that inspection, copying or photographing will be permitted as requested, unless the request is objected to, in which event the reasons for that objection shall be stated. If objection is made to part of a requested item or document's category, the particular part objected to shall be specified.

4. If the objection is made to any request propounded below on the grounds that it requests information that falls within the attorney-client privilege, is protected by work product immunity or for any other reason, please provide the following information as to each objection:

    (a) The nature of the privilege or immunity invoked and all bases, both legal and factual, for its invocation;

    (b) If a document is involved, identify the document and give the date, author, recipient, persons to whom copies were furnished together with their job title, subject matter, the person(s) on whose behalf the privilege or immunity is asserted, and the interrogatory or request to which such documents respond;

    (c) If an oral communication is involved, identify the communication, identify the person on whose behalf the privilege or immunity is asserted, and each and every person who was involved in the communication;

    (d) To whom the substance of the communication has been disclosed.

5. If you lack information with respect to any documents requested or any subpart thereof, please respond to the request to the best of your knowledge and belief.

II.

DEFINITIONS

Each of the following definitions applies to and shall be a part of each request which follows:

1. "Accident" or "accidents" - refers to the incident or incidents which form the basis of the Complaint of Ralista Royster in the above entitled and numbered action.

2. "You" "your", refers to Ralista Royster and Claude Royster, IV ("Sandy"). and all representatives or persons acting on behalf of, or at the request of Ralista Royster, including her attorneys.

3. "Document" means the originals of all written, printed, typed, recorded, graphic or photographic matter, and sound reproduction or tape recordings, however produced or reproduced and wherever located, including but not limited to correspondence, telegrams, telexes, other written communication, contracts, agreements, notes, memoranda, working notes and reports, blueprints, diagrams, and data processing storage units (including tapes, memory cores, discs or cards or other data compilations from which information can be obtained and translated into reasonably usable form) over which plaintiff, his agent or attorney have control or custody.

**REQUEST NO. 1:**

Any written or oral statements obtained by you or anyone acting on your behalf that relate in any way to the incident that forms the basis of your action.

**REQUEST NO. 2:**

Any documents you have representing records regarding compensation benefits sought by you or Sandy (or his estate) paid to you, Sandy (or his estate) as a result of the alleged injuries suffered in the incident which form the basis of your Complaint and/or any other incidents for which you have received compensation benefits in the past ten (10) years.

**REQUEST NO. 3:**

Any and all incident and/or investigative reports submitted or received by you in connection with the incident which form the basis of your Complaint.

**REQUEST NO. 4:**

Any and all photographs or films relating in any way to the incident which forms the basis of your Complaint.

**REQUEST NO. 5:**

Any and all other documents, tangible or physical evidence relating in any way to your claim, the incident upon which your claim is based, or your causes of action in this proceeding.

**REQUEST NO. 6:**

Any documents obtained from third parties by subpoena, authorization or any other means which pertain to this litigation.

**REQUEST NO. 7:**

Any and all expert reports that you have obtained or received relative to the death of Sandy and/or your claim in this matter.

**REQUEST NO. 8:**

Any and all documents, tangible or physical evidence which you intend to introduce at the trial of this matter.

**REQUEST NO. 9:**

Any and all documents relating in any manner to any settlement or compromise between plaintiff, and any other party or non-party entity relating to the settlement or compromise of any claims, in whole or in part, arising out of the incident made the subject of the instant lawsuit.

**REQUEST NO. 10:**

Please sign and execute each of the five (5) copies of the attached Medical Release/Authorization for Sandy Royster.

**REQUEST NO. 11:**

Please sign and execute each of the five (5) copies of the attached Pharmaceutical Record Release/Authorization for Sandy Royster.

**REQUEST NO. 12:**

Please sign and execute each of the five (5) copies of the attached Health Insurance Record Release/Authorization for Sandy Royster.

**REQUEST NO. 13:**

Please sign and execute the attached Social Security Request for Detailed Earnings Information and Social Security Disability Benefits Information for Sandy Royster.

**REQUEST NO. 14:**

Please sign and execute the attached Request for Income Tax Information for Sandy Royster.

**REQUEST NO. 15:**

Please sign and execute the attached Request for Employment Records for Sandy Royster.

**REQUEST NO. 16:**

Please sign and execute the attached Request for Military Records for Sandy Royster.

**REQUEST NO. 17:**

Please sign and execute the attached Request for Workers Compensation Benefits information for Sandy Royster.

**REQUEST NO. 18:**

Please sign and execute the attached Request for Unemployment Compensation Benefits information for Sandy Royster.

**REQUEST NO. 19:**

Please sign and execute the attached Request for Educational Records for Sandy Royster.

**REQUEST NO. 20:**

Please sign and execute the attached Request for records from the Louisiana Public Safety and Corrections for Sandy Royster.

**REQUEST NO. 21:**

Please sign and execute the attached Request for records from the Office of Veterans Affairs for Sandy Royster.

**REQUEST NO. 22:**

Please sign and execute the attached Centers for Medicare & Medicaid Services Section 111 Initial Compliance Request Form for Sandy Royster.

**REQUEST NO. 23:**

Please sign and execute the attached Police/Criminal Records Authorization for Sandy Royster.

**REQUEST NO. 24:**

Please produce any and all impeachment evidence of which you, your agents or attorneys are aware.

**REQUEST NO. 25**:

Provide copies of the decedent's employment records, including pay stubs, tax returns, and any documentation related to benefits or compensation for the three years preceding the subject incident.

**REQUEST NO. 26**:

Produce copies of all correspondence between you and any insurance companies, legal representatives, or other parties related to the incident or claim.

**REQUEST NO. 27**:

Provide copies of any statements or reports from individuals who witnessed the incident or have relevant knowledge about it.

**REQUEST NO. 28**:

Provide documents showing the financial impact of the decedent's death, including statements of lost income, financial support, and any other related financial documents that you contend supports your claim for damages.

**REQUEST NO. 29**:

Produce copies of any insurance policies, including life insurance, that may cover the decedent or provide benefits related to the incident.

**REQUEST NO. 30**:

Produce copies of your and the decedent's financial statements, including bank statements, investment accounts, and other financial documents relevant to calculating economic losses you seek to recover in this litigation.

**REQUEST NO. 31**:

Produce documentation related to any insurance benefits, pensions, or other financial benefits that have been paid or will be paid as a result of the decedent's death.

**REQUEST NO. 32**:

Provide any documents or reports used to project future financial losses, including expert reports, actuarial calculations, and/or economic analyses.

**REQUEST NO. 33**:

If applicable, produce records or statements that detail the decedent's contributions to household or domestic responsibilities.

**REQUEST NO. 34**:

Produce receipts, invoices, and other documentation related to the funeral, burial, or memorial expenses incurred as a result of the decedent's death.

**REQUEST NO. 35**:

Please review your responses to these Requests for Production of Documents and certify, under penalty of perjury, that they are complete, true and correct to the best of your knowledge.

_____            _____

Ralista Royster                                                              Date


Respectfully submitted,

***/s/ Constance C. Waguespack***
Robert R. Johnston, T.A. (#22442)
Constance C. Waguespack (#36416)
Courtney E. Crowell (#38708)
Andrew J. Wondolowski ($40998)

**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Robert.Johnston@pjgglaw.com
Constance.Waguespack@pjgglaw.com
Courtney.Crowell@pjgglaw.com
Andrew.Wondolowski@pjgglaw.com
**COUNSEL FOR SANARE ENERGY PARTNERS, LLC**

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above pleading has been served upon all counsel of record, either by hand delivery, facsimile transmission, electronic transmission (e-mail), or by placing same in the United States mail, properly addressed and postage prepaid, on this 6th day of September, 2024.

        ***/s/ Constance C. Waguespack***