UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RALISTA ROYSTER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1627** |
| **SANARE ENERGY PARTNERS, INC., ET AL.** | **SECTION "O"** |

### ORDER AND REASONS

Before the Court in this wrongful-death case is the motion[1] of Plaintiff Ralitsa[2] Royster, individually and as personal representative of the estate of her husband, Claude Royster, IV, and on behalf of their minor children, C.R. and A.R., for voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2).

This case is one of three before the Court arising from the same allision between a sport-fishing boat and an oil-and-gas drilling platform affixed to the outer Continental Shelf ("OCS").[3] The others are Civil Action Nos. 24-2214 and 25-968.

Claude Royster, IV, and Carlos Rijos were on a fishing boat owned by Linedout Pro Fishing, LLC and operated by Mitch Mosely.[4] The boat allided with an oil-and-gas platform affixed to the OCS.[5] The complaint alleges that the platform is owned by Sanare Energy Partners, *Inc.* ("Sanare Inc."), but it is now undisputed that the

---

[1] ECF No. 14.

[2] Because Plaintiff's complaint spells Plaintiff's first name "Ralista," the official case caption assigned by the Clerk's Office identifies Plaintiff as "Ralista Royster." ECF No. 1 at 1. Plaintiff's briefing on her motion for voluntary dismissal also uses the first name "Ralista." ECF No. 14 at 1; ECF No. 16 at 1. In a later filing, however, Plaintiff says that her first name is actually "Ralitsa." ECF No. 19-1 at 2 n.2. The Court uses the corrected spelling of Plaintiff's first name in the body of this order and reasons. Because Plaintiff has not moved the Court to modify the official case caption created by the Clerk's Office based on Plaintiff's complaint, however, the official case caption remains the same.

[3] *See generally* ECF No. 1.
[4] *Id.* at ¶¶ 4–5.
[5] *Id.* at ¶ 6.

true owner is Sanare Energy Partners, *LLC* ("Sanare LLC").[6] The allision ejected Claude Royster.[7] His body has not been recovered and he is presumed dead.[8]

This wrongful-death action followed. In it, Ralitsa Royster sues Sanare Inc., Linedout, and Mosely. Sanare LLC answered in lieu of Sanare Inc. and admitted it owned the platform.[9] Along with its answer, Sanare LLC asserted crossclaims for contribution and indemnity against Mosely and Linedout.[10] Neither Mosely nor Linedout has appeared. No scheduling order has issued, and no dispositive motion has been filed. The only pending motions are Royster's Rule 41(a)(2) motion[11] and a motion[12] to remand that Royster erroneously filed in this case.

A few months after this suit was filed, the boat's other passenger, Rijos, sued Sanare LLC, Mosely, and Linedout in Louisiana state court.[13] Sanare LLC removed that case—Civil Action No. 24-2214—to this Court under the Outer Continental Shelf Lands Act ("OCSLA"). *See* 43 U.S.C. § 1349(b)(1).[14] Rijos later moved to remand it.[15]

---

[6] *Id.* at ¶ 1(a) (complaint naming Sanare Inc.); ECF No. 13 at ¶ 8 (answer of Sanare LLC admitting ownership of the platform); ECF No. 14 (Rule 41(a)(2) motion not disputing Sanare LLC's admission of ownership of the platform).
[7] ECF No. 1 at ¶ 7.
[8] *Id.*
[9] ECF No. 13 at ¶ 8.
[10] *Id.* at 9–13 (¶¶ 1–18).
[11] ECF No. 14.
[12] ECF No. 19. In an email to the Court's staff and all counsel, Royster's counsel clarified that the motion to remand was erroneously filed in this case.
[13] *See* Original Petition, *Rijos v. Sanare Energy Partners, LLC*, No. 24-CV-2214 (E.D. La. Sept. 10, 2024), ECF No. 3-1.
[14] *See* Notice of Removal, *Rijos v. Sanare Energy Partners, LLC*, No. 24-CV-2214 (E.D. La. Sept. 10, 2024), ECF No. 3.
[15] *See* Motion to Remand, *Rijos v. Sanare Energy Partners, LLC*, No. 24-CV-2214 (E.D. La. Oct. 4, 2024), ECF No. 9.

A week after Sanare LLC removed Rijos's case, but before Rijos moved to remand it, Ralitsa Royster moved to voluntarily dismiss all of her claims against all Defendants without prejudice under Rule 41(a)(2).[16] Sanare LLC opposes.[17]

While Rijos's motion to remand and Royster's Rule 41(a)(2) motion were pending, a third suit arising from the allision was filed in Louisiana state court.[18] The plaintiffs there are Ralitsa Royster, individually and as natural tutrix of C.R. and A.R.; Dawn Royall, as natural tutrix of her minor child, A.R.; and Bart Fleet, as the court-appointed curator *ad hoc* for the estate of Claude Royster, IV.[19] The allegations against Sanare LLC, Linedout, and Mosely in that case are substantially the same as the allegations against them in this case. Sanare LLC removed that case—Civil Action No. 25-968—to this Court under OCSLA, just as it did Rijos's case.[20]

After briefing on the Rule 41(a)(2) motion closed in this case, the Court denied Rijos's motion to remand and held that it had OCSLA jurisdiction over Civil Action No. 24-2214.[21] *See Rijos v. Sanare Energy Partners, LLC*, No. 24-CV-2214, 2025 WL 1703523, at *7 (E.D. La. June 18, 2025) (Long, J.). The Court explained that Rijos's case "ar[ose] out of, or in connection with . . . any operation conducted on the" OCS that "involves exploration, development, or production of" OCS minerals because the

---

[16] ECF No. 14.
[17] ECF No. 15.
[18] *See* Petition for Damages, *Royster v. Sanare Energy Partners, LLC*, No. 25-CV-968 (E.D. La. May 14, 2025), ECF No. 1-1.
[19] *Id.* at 1 (unnumbered opening paragraph).
[20] Notice of Removal, *Royster v. Sanare Energy Partners, LLC*, No. 25-CV-968 (E.D. La. May 14, 2025), ECF No. 1.
[21] *See* Order and Reasons, *Rijos v. Sanare Energy Partners, LLC*, No. 24-CV-2214 (E.D. La. June 18, 2025), ECF No. 15.

3

allision would not have occurred but for the construction of Sanare LLC's on-OCS platform. *Id.* at *7 (quotation omitted); *see also* 43 U.S.C. § 1349(b)(1)(A).

The takeaways are twofold. First, all three cases arising from the allision are now before the Court—including the state-court action Ralitsa Royster said she intended to file in her Rule 41(a)(2) briefing. Second, the Court has held that it has OCSLA jurisdiction over Rijos's suit, Civil Action No. 24-2214, for reasons that would appear to apply with equal force to the other two cases arising from the allision. It is against this procedural backdrop that the Court considers the Rule 41(a)(2) motion.

Ralitsa Royster moves to voluntarily dismiss all of her claims against all Defendants without prejudice. A plaintiff may voluntarily dismiss "an action"[22] without a court order if the "opposing party" has not yet served an answer or a motion for summary judgment or if a stipulation of dismissal signed by all parties who have appeared is filed. FED. R. CIV. P. 41(a)(1)(A). Because Sanare LLC has answered, and a stipulation of dismissal signed by all appearing parties has not been filed, Royster may not voluntarily dismiss all of her claims against all Defendants without a court order under Rule 41(a)(1). She must instead rely on Rule 41(a)(2).

A plaintiff may voluntarily dismiss an "action" "only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). Rule 41(a)(2) motions "should be freely granted" unless the nonmovant shows that it "will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath*

---

[22] The Fifth Circuit interprets "action" under Rule 41(a) to allow plaintiffs to voluntarily dismiss all claims asserted against individual defendants without prejudice, without dismissing the entire action. *See Williams v. Seidenbach*, 958 F.3d 341, 345 (5th Cir. 2020) (en banc).

4

*Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (citation omitted). "Typical examples" of "plain legal prejudice" are "when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense." *In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010) (citations omitted). Neither the potential for forum shopping nor the expense of relitigating issues in another forum generally is "plain legal prejudice" under Rule 41(a)(2). *See Elbaor*, 279 F.3d at 317 n.3; *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 299 (5th Cir. 2016). If an unconditional dismissal without prejudice will not cause the nonmovant "to suffer plain legal prejudice," a district court "should generally, absent some evidence of abuse by the movant, grant the motion." *Elbaor*, 279 F.3d at 317.

Sanare LLC has not shown that voluntary dismissal without prejudice would cause it "to suffer plain legal prejudice." *Id.* First, Royster's Rule 41(a)(2) motion does not come "at a late stage of the proceedings"; no scheduling order has issued and no dispositive motion has been filed. *In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d at 162. Second, voluntary dismissal without prejudice would not allow Royster "to avoid an imminent adverse ruling" because there are no pending motions other than the Rule 41(a)(2) motion and the erroneously filed motion to remand. *Id.* Third, Sanare LLC does not claim that voluntarily dismissing all of Royster's claims against all Defendants without prejudice would "deprive" it of any defense. *Id.* Nor does Sanare LLC contend that granting the Rule 41(a)(2) motion would hamstring its

5

efforts to obtain contribution and indemnity from Linedout and Mosely. In short, none of the "[t]ypical examples" of "plain legal prejudice" applies here. *Id.*

Sanare LLC still makes two plain-legal-prejudice arguments. Each fails. First, Sanare LLC says it will "incur the legal fees and expenses associated with defending against and removing" a re-filed state-court suit if the Court dismisses Royster's claims without prejudice under Rule 41(a)(2).[23] This argument fails for two independent reasons—one legal, one factual. Legally, "plain legal prejudice does not include the mere prospect of a second suit" in state court or "the mere incursion of expense" associated with removing that refiled suit. *Harris v. Devon Energy Prod. Co.*, 500 F. App'x 267, 268 (5th Cir. 2012) (per curiam) (citing *Elbaor*, 279 F.3d at 317 & n.3). Factually, dismissing Royster's claims without prejudice under Rule 41(a)(2) would not cause Sanare LLC to incur any removal-related fees and expenses it would have otherwise avoided: Ralitsa Royster has already refiled a substantively identical action in state court, and Sanare LLC has already removed that action—Civil Action No. 25-968—to this Court. The fees and expenses Sanare LLC invokes in its opposition have already been incurred independent of the Court's action on the Rule 41(a)(2) motion.

Sanare LLC's second argument fares no better than its first. Sanare LLC says "[d]iscovery will be interrupted" if the Court dismisses Royster's claims without prejudice under Rule 41(a)(2).[24] But the record does not reflect that the parties have engaged in discovery "significant enough" to support denying or conditioning a Rule

---

[23] ECF No. 15 at 5.
[24] *Id.*

6

41(a)(2) dismissal. *John M. Crawley, L.L.C. v. Trans-Net, Inc.*, 394 F. App'x 76, 79 (5th Cir. 2010) (per curiam) (quotation omitted). Sanare LLC has served one set of written discovery on Ralitsa Royster, who (apparently) has not responded to that discovery. There is no indication that the parties have taken any depositions; no dispositive motions have been filed; no hearings have occurred; two Defendants—Mosely and Linedout—have not appeared; and no scheduling order even has issued. The Fifth Circuit has required "significantly more litigation than here at the time of filing" to justify denying a Rule 41(a)(2) motion like Royster's. *United States ex rel. Vaughn v. United Biologics, L.L.C.*, 907 F.3d 187, 197 (5th Cir. 2018) (citations omitted); *see also, e.g.*, *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360–61 (5th Cir. 1990) (Rule 41(a)(2) motion filed after numerous hearings, significant discovery, summary judgment grant in one defendant's favor, and a scheduled jury trial for remaining defendants).

Accordingly,

**IT IS ORDERED** that the motion[25] for voluntary dismissal without prejudice is **GRANTED**. All of Royster's claims against all Defendants are **DISMISSED WITHOUT PREJUDICE**. *See* FED. R. CIV. P. 41(a)(2).

**IT IS FURTHER ORDERED** that, by no later than July 2, 2025, Sanare LLC shall file a notice stating whether it intends to prosecute its crossclaims against Mosely and Linedout in this case. Failure to timely file such a notice will result in the dismissal of those crossclaims without prejudice and without further notice.

---

[25] ECF No. 14.

**IT IS FURTHER ORDERED** that Royster's motion[26] to remand is **DENIED AS MOOT** because Royster's counsel confirmed that the motion was erroneously filed in this case.

New Orleans, Louisiana, this 20th day of June, 2025.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[26] ECF No. 19.